

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC - 6 2012

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL E. HORNE, and §
WANDA G. HORNE, §
§
Plaintiffs, §
§
VS. § NO. 4:12-CV-622-A
§
BANK OF AMERICA, N.A., §
§
Defendant. §

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion of defendant, Bank of
America, N.A., to dismiss the complaint of plaintiffs, Michael E.
Horne and Wanda G. Horne, for failure to state a claim upon which
relief may be granted, pursuant to Rule 12(b)(6) of the Federal
Rules of Civil Procedure. Plaintiffs filed no response. After
having considered the complaint, the motion and accompanying
brief and appendix, and pertinent legal authorities, the court
has concluded that the motion to dismiss should be granted.

I.

Background

Plaintiffs initiated this action by a pleading filed in the
District Court of Tarrant County, 17th Judicial District, against
defendants, in Cause No. 348-252648-11. Defendant removed the

action to this court, after which the court ordered plaintiffs, by October 5, 2012, to file an amended complaint that complies with the requirements of Rule 8(a), Rule 10, and, if applicable, Rule 9, of the Federal Rules of Civil Procedure, and with the Local Civil Rules of the United States District Court for the Northern District of Texas.  Plaintiffs failed to file an amended complaint, and defendant subsequently filed the instant motion based on plaintiffs' original state court petition.  Thus, the court addresses plaintiffs' allegations and claims as presented in such state court petition ("complaint").

Plaintiffs make the following factual allegations:

On October 11, 2005,[1] a deed of trust was filed with plaintiffs as grantors and defendant as mortgagee.  Plaintiffs made the regularly scheduled mortgage payments until a slowdown of their self-employed businesses and resulting decrease in income caused them to become delinquent on the loan.  Plaintiffs contacted defendant regarding a modification of the loan, and an account representative, Janelle Eley ("Eley") was assigned to them.  Eley told plaintiffs that the mortgage had been sent to the foreclosure department, but that the modification would stop the foreclosure sale.  Plaintiffs sent documents requested by

---

[1] The date listed in the complaint, October 11, 2005, appears to be an error, as defendants have pointed out that plaintiffs' affidavits attached to their state court petition, and the deed of trust, list October 11, 1995 as the correct date of the execution of the deed of trust.

Eley for such modification.  On May 24, 2012, Eley told
plaintiffs via telephone that the foreclosure sale had been
stopped.  Plaintiffs received a letter from defendant dated June
13, 2012.  The letter acknowledged receipt of plaintiffs' inquiry
about the loan and stated that defendant was in the process of
obtaining documentation and information to answer plaintiffs'
questions.  Plaintiffs received a nearly identical letter on June
14, 2012.  They received a third letter, dated July 16, 2012,
this time from Eley, thanking them for participating in the home
loan assistance program, but informing them that due to a recent
change in the status of the program, they would no longer be
assigned to a particular contact person.  Another letter dated
July 16, 2012, from Codilis & Stanwiarski, P.C., informed them
that their home was sold at a foreclosure sale on June 5, 2012,
and that they needed to vacate the property.

## II.

### Plaintiffs' Claims and Grounds of Defendant's Motion

The complaint alleges the following causes of action against
defendant: (1) inadequacy of price; (2) breach of contract; (3)
fraud; (4) negligent misrepresentation; (5) violations of Section
392.304(a)(19)[2] of the Texas Finance Code; (6) intentional

---

[2] Plaintiffs claim that defendant violated "§ 392.304(19);" the court assumes plaintiff intended to list "§ 392.304(a)(19)."

infliction of emotional distress ("IIED"); (7) violations of the

Texas Deceptive Trade Practices Act ("DTPA"); (8) simple fraud;

(9) fraudulent inducement; and (10) statutory fraud.  Defendant

contends that the complaint fails to state a claim upon which

relief may be granted because (1) plaintiffs' claims are all

"[b]ased solely upon an alleged unenforceable promise not to

foreclose--when [defendant] otherwise had every legal right to do

so;" and (2) plaintiffs fail to allege facts sufficient to state

a claim for any cause of action against defendant.

III.

Analysis

A.    The Rule 8(a)(2) Pleading Standards

The court now considers the standard of pleading, and

applies these standards to the Complaint.  Rule 8(a)(2) of the

Federal Rules of Civil Procedure provides, in a general way, the

applicable standard of pleading. It requires that a complaint

contain "a short and plain statement of the claim showing that

the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in

order to give the defendant fair notice of what the claim is and

the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007) (internal quotation marks and ellipsis

omitted). Although a complaint need not contain detailed factual

allegations, the "showing" contemplated by Rule 8 requires the

4

plaintiffs to do more than simply allege legal conclusions or recite the elements of a cause of action. See Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiffs' right to relief is plausible. Iqbal, 129 S. Ct. at 1950. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

B.   Applying the Standards to the Complaint

Proceeding only on the basis of the information before the court in plaintiffs' complaint, the court finds that plaintiffs' allegations fall short of the pleading standards.   The court

5

considers plaintiffs' theories of recovery in the following order: (1) inadequacy of price; (2) breach of contract; (3) fraud and negligent misrepresentation; (4) fraudulent inducement; (5) Texas Finance Code violation; (6) DTPA violations; (7) IIED; and (8) statutory fraud.

    1.   <u>Inadequacy of Price</u>

Though "inadequacy of price" is not a recognized cause of action, it is an element of wrongful foreclosure in Texas.  Thus, it appears that plaintiffs are attempting to allege a claim for wrongful foreclosure.  To state such a claim, plaintiffs must provide facts alleging (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.  <u>Sauceda v. GMAC Mortg. Corp.</u>, 268 S.W.3d 135, 139 (Tex.App.--Corpus Christi 2008, no pet.).

Plaintiffs have not alleged a single fact that could support a contention that the sale price was grossly inadequate.  They allege that "the price obtained by Defendant was grossly inadequate, thus depriving [plaintiffs] of significant earned equity in their Home and providing grounds to set aside the foreclosure."  Compl. at 7-8.  They do not even allege what the sale price was, a critical fact necessary to state a claim for wrongful foreclosure.

In addition, plaintiffs base their claims on an allegation
that they were verbally informed via telephone that the
foreclosure had been stopped; however, such a statement is not
enforceable unless it is made in writing.  Texas law provides
that a loan agreement of $50,000.00 or more "is not enforceable
unless the agreement is in writing and signed by the party to be
bound or by that party's authorized representative."  Tex. Bus. &
Com. Code § 26.02.  Any modifications to such an agreement are
also required to be in writing in order to be enforceable.  Bank
of Tex., N.A. v. Gaubert, 286 S.W.3d 546, 555-56 (Tex.App.--
Dallas 2009, pet. dism'd w.o.j.).  Plaintiffs make no allegations
that defendant ever gave them any kind of written confirmation of
a modification or written promise not to foreclose.  As it is
clear that defendant's alleged verbal statement that the
foreclosure would not take place does not comply with the statute
of frauds and is not an enforceable agreement, plaintiffs cannot
plausibly state a claim for relief based on such verbal
statement.

    2.   Breach of Contract

    Plaintiffs claim that defendant "failed to abide by the
terms of the Current Deed of Trust and other applicable loan
documents, damaging Plaintiff."  Compl. at 8.  They allege no
facts as to how defendant may have violated such terms, or which

7

terms defendant may have violated, other than to claim in a conclusory fashion that the foreclosure process was irregular. Such a bare and conclusory allegation cannot state a claim for breach of contract. Furthermore, plaintiffs admit that they failed to make timely payments and were therefore in default under the agreement, which would prevent them from maintaining a breach of contract action under Texas law. See Thomas v. EMC Mortg. Corp., 2012 WL 5984943 at *2 (5th Cir. Nov. 30, 2012) (unpublished) (citing Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex. 1990) ("It is a well-established rule that 'a party to a contract who is himself in default cannot maintain a suit for its breach.'")).

   3.   Common Law Fraud and Negligent Misrepresentation Claims

   Plaintiffs' common law fraud[3] and negligent misrepresentation claims are both tort claims that are barred as a matter of law by the economic loss doctrine. Under Texas law, claims for these torts require injury to plaintiff independent of an alleged breach of contract. D.S.A., Inc. v. Hillsboro Indep. Sch. Dist., 973 S.W.2d 662, 663-64 (Tex. 1998) (per curiam); Pennington v. HSBC Bank U.S.A., Nat'l Ass'n, 2011 WL 6739609 at *8 (W.D. Tex. Dec. 22, 2011). "When an injury is only the

---

[3] Plaintiffs have alleged "fraud" and "simple fraud" within their complaint, which the court addresses together as common law fraud.

economic loss to the subject of a contract itself, the action sounds in contract alone." Id. (quoting Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 45 (Tex. 1998)).  Thus, tort damages are generally not recoverable if the defendant's conduct would give rise to liability only because it breaches the parties' agreement. Sw. Bell Tel. Co. V. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991).

Although common law fraud and negligent misrepresentation contain some different elements, each is a claim that could not exist apart from the underlying note and deed of trust. Plaintiffs clearly had a contractual relationship with defendant prior to any discussions regarding loan modification and foreclosure proceedings, and, any discussions that took place involved modifications to the existing contract.  Defendant could not have made any representations regarding a modification of the terms of the loan had there not been an original agreement between the parties.  Plaintiff's tort claims for fraud and negligent misrepresentation "flow solely from the obligations created by the Note and Deed of Trust and would not exist but for the contractual relationship between the parties." See Rhodes v. Wells Fargo Bank, N.A., No. 3:10-CV-2347-L, 2012 WL 5363424, at *30 (N.D. Tex. Oct. 31, 2012); Wiley v. U.S. Bank, N.A., No. 3:11-CV-1241-B, 2012 WL 1945614, at *12 (N.D. Tex. May 30, 2012).

Furthermore, the injury claimed by plaintiffs--foreclosure of their home--is the subject of the contract itself.

    4.   <u>Fraudulent Inducement Claim</u>

Under Texas law, a cause of action for fraudulent inducement contains the same elements as a fraud claim, and also requires an underlying contract which was induced fraudulently. <u>Kevin M. Ehringer Enters., Inc. v. McData</u>, 646 F.3d 321, 325 (5th Cir. 2011). While similar to a fraud claim, fraudulent inducement is generally not barred by the economic loss doctrine, as there is a separate and independent legal duty not to fraudulently procure a contract, and a party is not bound by a fraudulently procured contract. Here, the only enforceable agreement mentioned is the original promissory note and deed of trust, and plaintiffs provide no indication whatsoever of fraud surrounding that agreement or causing them to be induced into signing it. Thus, plaintiffs cannot state a claim for fraudulent inducement.

    5.   <u>Finance Code Claim</u>

To state a claim for violations of Section 392.304(a)(19) of the Texas Finance Code, plaintiffs must allege facts that defendant, while engaged in collecting a debt or obtaining information about a debt, used "false representation or deceptive means to collect a debt or obtain information concerning a consumer." Plaintiff recites a portion of the statutory

provision, and then alleges, "Defendant has violated the statute
by unconscionably taking advantage of [plaintiffs]. Plaintiffs
have been damaged by Defendant's wrongful collection efforts."
Pet. at 9.  However, plaintiffs allege no specific statements
other than Eley's statement that, as of May 24, 2012, the
foreclosure sale had been stopped, and there is nothing alleged
by plaintiffs indicating that the statement amounted to a false
representation or deceptive means to collect a debt from
plaintiffs.  No facts alleged anywhere in the petition can
support this theory.  See Wiley, 2012 WL 1945614 at *11
(explaining that a defendant's oral statements promising not to
foreclose and promising to provide a loan modification did not
amount to a violation of § 392.304(a)(19)); King v. Wells Fargo
Bank, N.A., No. 3:11-CV-945-M-BD, 2012 WL 1205163, at *3 (N.D.
Tex. Mar. 20, 2012), adopted, 2012 WL 1222659 (N.D. Tex. Apr. 11,
2012); Coleman v. Bank of Am., N.A., No. 3:11-CV-430-G-BD, 2011
WL 2516169, at *3 (N.D. Tex. May 27, 2011), adopted 2011 WL
2516668 (N.D. Tex. June 22, 2011).

      6.   DTPA Claim

     Plaintiffs allege that defendant violated DTPA by
misrepresenting services in connection with its loan modification
programs and by imposing requirements "not allowed by the loan
modification program."  Compl. at 10.  However, to bring a cause

of action under DTPA, plaintiffs must be consumers as defined by the statute and case law. Tex. Bus. & Com. Code § 17.45. A "consumer" for DTPA purposes is someone who "seeks or acquires by purchase or lease, any goods or services." Id. at § 17.45(4). In the context of loan modifications, a plaintiff is not seeking such loan for the purpose of acquiring a good or service, but is seeking to modify a loan that already exists. See Ayers v. Aurora Loan Servs., LLC, 787 F. Supp.2d 451, 455 (E.D. Tex. 2011) (stating that where a plaintiff was seeking modification of an existing loan, such action was "analogous to refinancing services" and would not qualify the plaintiff as a consumer under the DTPA); Cavil v. Trendmaker Homes, Inc., No. G-10-304, 2010 WL 5464238, at *4 (S.D. Tex. Dec. 29, 2010) ("[A] mortgage or modification of a mortgage is not a good or service under the DTPA."); Riverside Nat'l Bank v. Lewis, 603 S.W.2d 169, 174 (Tex. 1980). As plaintiffs cannot qualify as consumers under the DTPA, they cannot state a claim for relief under the DTPA.

    7.   IIED Claim

To state a claim for IIED, plaintiffs must allege facts that could show (1) defendant acted intentionally or recklessly; (2) defendant's conduct was extreme and outrageous; (3) defendant's actions caused plaintiff emotional distress; and (4) the resulting emotional distress was severe. Twyman v. Twyman, 855

S.W.2d 619, 621 (Tex. 1993).   Extreme and outrageous conduct is conduct "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, to be regarded as atrocious, and utterly intolerable in civilized community." Tiller v. McLure, 121 S.W.3d 709, 713 (Tex. 2003).

Plaintiffs clearly have no plausible claim for IIED.   While they may feel that defendant's conduct was wrongful, they allege no actions on the part of defendant that could rise to the level of "extreme and outrageous" conduct required under Texas law.

8.   Statutory Fraud Claim

Defendant asserts that plaintiffs cannot state a claim for statutory fraud because the statute at issue, Section 27.01 of the Texas Business and Commerce Code, applies only to fraud in real estate or stock transactions.   "A loan transaction, even if secured by land, is not considered to come under the statute." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 343 (5th Cir. 2008) (quoting Burleson State Bank v. Plunkett, 27 S.W.3d 605, 611 (Tex.App.--Waco 2000, pet. denied)).   Plaintiffs base their statutory fraud claim on alleged statements made by defendant in the course of a loan or potential modification, and they do not allege facts surrounding any kind of real estate transaction between the parties.   Thus, plaintiffs have no claim for statutory fraud.

C.   <u>Plaintiffs' Requests for Injunctive and Declaratory Relief</u>

Because plaintiffs' substantive claims are being dismissed for failure to state a claim upon which relief may be granted, they are not entitled to a declaratory judgment based on such claims, nor are they entitled to a temporary restraining order or a temporary injunction.  See <u>Marsh v. JPMorgan Chase Bank, N.A.</u>, --- F. Supp.2d ----, 2012 WL 3756276 (W.D. Tex. Aug. 29, 2012).

IV.

<u>Conclusion</u>

The court has afforded plaintiffs an opportunity to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of this court, alleging with particularity the facts that they contend will establish their right to recover against defendants as to each theory of recovery alleged.  Plaintiffs have failed to file such amended complaint, and their original complaint fails to state a claim upon which relief may be granted.

Therefore,

The court ORDERS that all claims and causes of action

asserted by plaintiffs against defendant be, and are hereby,

dismissed with prejudice.

     SIGNED December 6, 2012.

_____
JOHN McBRYDE
United States District Judge