IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| MICHAEL E. HORNE, and | § | |
| WANDA G. HORNE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-622-A |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion of defendant, Bank of America, N.A., to dismiss the complaint of plaintiffs, Michael E. Horne and Wanda G. Horne, for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs filed a response, and defendant filed a reply. After having considered all the parties' filings and applicable legal authorities, the court concludes that the motion to dismiss should be granted.

I.

Background

Plaintiffs initiated this removed action by a pleading filed in the District Court of Tarrant County, 17th Judicial District, against defendants, in Cause No. 348-252648-11, seeking damages

and injunctive relief related to the foreclosure of their property.

Plaintiffs make the following factual allegations in their complaint:

On October 11, 2005,[1] a deed of trust was filed with plaintiffs as grantors and defendant as mortgagee. Plaintiffs made the regularly scheduled mortgage payments until a slowdown of their self-employed businesses and resulting decrease in income caused them to become delinquent on the loan. Plaintiffs contacted defendant regarding a modification of the loan, and an account representative, Janelle Eley ("Eley"), was assigned to them. Eley told plaintiffs that the mortgage had been sent to the foreclosure department, but that the modification would stop the foreclosure sale. Plaintiffs sent documents requested by Eley for such modification. On May 24, 2012, Eley told plaintiffs via telephone that the foreclosure sale had been stopped. Plaintiffs received a letter from defendant dated June 13, 2012. The letter acknowledged receipt of plaintiffs' inquiry about the loan and stated that defendant was in the process of obtaining documentation and information to answer plaintiffs' questions. Plaintiffs received a nearly identical letter on June

---

[1] The date listed in the complaint, October 11, 2005, appears to be an error, as defendants have pointed out that plaintiffs' affidavits attached to their state court petition, and the deed of trust, list October 11, 1995 as the correct date of the execution of the deed of trust.

14, 2012. They received a third letter, dated July 16, 2012, this time from Eley, thanking them for participating in the home loan assistance program, but informing them that due to a recent change in the status of the program, they would no longer be assigned to a particular contact person. Another letter dated July 16, 2012, from Codilis & Stanwiarski, P.C., informed them that their home was sold at a foreclosure sale on June 5, 2012, and that they needed to vacate the property.

II.

## Plaintiffs' Claims and Grounds of Defendant's Motion

The complaint alleges the following causes of action against defendant: (1) inadequacy of price; (2) breach of contract; (3) fraud; (4) negligent misrepresentation; (5) violations of Section 392.304(a)(19)[2] of the Texas Finance Code; (6) intentional infliction of emotional distress ("IIED"); (7) violations of the Texas Deceptive Trade Practices Act ("DTPA");[3] (8) simple fraud; (9) fraudulent inducement; and (10) statutory fraud. Defendant contends that the complaint fails to state a claim upon which relief may be granted because (1) plaintiffs' claims are all "[b]ased solely upon an alleged unenforceable promise not to

---

[2] Plaintiffs claim that defendant violated "§ 392.304(19);" the court assumes plaintiff intended to list "§ 392.304(a)(19)."

[3] In their responsive brief, plaintiffs state that they do not believe they can prove their DTPA claim. Thus, the DTPA claim is dismissed.

3

foreclose--when [defendant] otherwise had every legal right to do so;" and (2) plaintiffs fail to allege facts sufficient to state a claim for any cause of action against defendant.

III.

Analysis

A.  The Rule 8(a)(2) Pleading Standards

The court now considers the standard of pleading, and applies these standards to the Complaint. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiffs to do more than simply allege legal conclusions or recite the elements of a cause of action. See Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct.

1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiffs' right to relief is plausible. Iqbal, 129 S. Ct. at 1950. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

B.  Applying the Standards to the Complaint

Proceeding on the basis of the information before the court in plaintiffs' complaint, the court finds that plaintiffs' allegations fall short of the pleading standards. The court considers plaintiffs' theories of recovery in the following order: (1) inadequacy of price; (2) breach of contract; (3) fraud and negligent misrepresentation; (4) fraudulent inducement; (5) Texas Finance Code violation; (6) IIED; and (7) statutory fraud.

5

1. <u>Inadequacy of Price</u>

Though "inadequacy of price" is not a recognized cause of action, it is an element of wrongful foreclosure in Texas. Thus, it appears that plaintiffs are attempting to allege a claim for wrongful foreclosure, as they outline the elements for wrongful foreclosure in their responsive brief. To state such a claim, plaintiffs must provide facts alleging (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. <u>Sauceda v. GMAC Mortg. Corp.</u>, 268 S.W.3d 135, 139 (Tex.App.--Corpus Christi 2008, no pet.).

Plaintiffs have not alleged any facts that can support a contention that the sale price was grossly inadequate. They allege that "the price obtained by Defendant was grossly inadequate, thus depriving [plaintiffs] of significant earned equity in their Home and providing grounds to set aside the foreclosure." Compl. at 7-8. They do not even allege what the sale price was, a critical fact necessary to state a claim for wrongful foreclosure. In their response, they claim not to know what the sale price was, but contend that, because they had equity in the property, they would have received money if defendant had sold the property at fair-market value.

In addition, plaintiffs base their claims on an allegation that they were verbally informed via telephone that the foreclosure had been stopped; however, such a statement is not enforceable unless it is made in writing. Texas law provides that a loan agreement of $50,000.00 or more "is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." Tex. Bus. & Com. Code § 26.02. Any modifications to such an agreement are also required to be in writing in order to be enforceable. Bank of Tex., N.A. v. Gaubert, 286 S.W.3d 546, 555-56 (Tex.App.-- Dallas 2009, pet. dism'd w.o.j.). Plaintiffs make no allegations that defendant ever gave them any kind of written confirmation of a modification or written promise not to foreclose. As it is clear that defendant's alleged verbal statement that the foreclosure would not take place does not comply with the statute of frauds and is not an enforceable agreement, plaintiffs cannot plausibly state a claim for relief based on such verbal statement.

Plaintiffs argue that their case falls under two exceptions to the statute of frauds: (1) promissory estoppel, and (2) partial performance. Texas law recognizes promissory estoppel and partial performance "as equity-based exceptions to the traditional statute of frauds;" however, the circumstances under

7

which the exceptions apply are limited, "because otherwise the exceptions would render the statute meaningless." <u>Bank of Tex., N.A. v. Gaubert</u>, 286 S.W.3d 546, 553 (Tex. App.--Dallas 2009, pet. dism'd w.o.j.).

"Promissory estoppel avoids the traditional statute of frauds when the alleged oral promise is to sign an <u>existing</u> document that satisfies the statute of frauds." <u>Id.</u> (citing <u>Nagle v. Nagle</u>, 633 S.W.2d 796, 800 (Tex. 1982)) (emphasis in original). See <u>Barcenas v. Fed. Home Loan Mortg. Corp.</u>, No. H-12-2466, 2013 WL 286250, at *5 (S.D. Tex. Jan. 24, 2013) ("[T]he plaintiff must allege facts showing that the defendant promised to sign an agreement satisfying the statute of frauds."). Plaintiffs have not alleged that there was any document in existence that could have satisfied the statute of frauds at the time of the alleged promise, or any promise on the part of defendant to sign an existing document. Thus, they cannot meet the requirements of the promissory estoppel exception to the statute of frauds.

Under the partial performance exception, an oral agreement that does not satisfy the traditional statute of frauds may be enforced "if denial of enforcement would amount to a virtual fraud." <u>Exxon Corp. v. Breezevale Ltd.</u>, 82 S.W.3d 429, 439 (Tex.

8

App.--Dallas 2002, no pet.). The exception arises:

> [W]hen there is strong evidence establishing the existence of the agreement and its terms, the party acting in reliance on the contract has suffered a substantial detriment for which he has no adequate remedy, and the other party, if permitted to plead the statute, would reap an unearned benefit. The partial performance must be unequivocally referable to the agreement and corroborative of the fact that a contract actually was made. The acts of performance relied upon to take a parol contract out of the statute of frauds must be such as could have been done with no other design than to fulfill the particular agreement sought to be enforced; otherwise, they do not tend to prove the existence of the parol agreement relied upon by the plaintiff.

Id. at 439-40. Texas courts "have not clearly accepted partial performance as an exception to the statute of frauds in section 26.02." Montalvo v. Bank of Am. Corp., 864 F. Supp.2d 567, 583 (W.D. Tex. 2012).

In Singh v. JPMorgan Chase Bank, N.A., No. 4:11-CV-607, 2012 WL 3904827, at *4 (E.D. Tex. Dec. 10, 2012), the court addressed the issue of partial performance in the context of loan modification. In that case, the plaintiffs had been told that if they made three payments pursuant to a trial payment plan, their loan would be permanently modified and the past due amount would be rolled into the loan. Id. at *3. The plaintiffs made their payments, but their loan was not modified. Id. They were told numerous times by the defendant that the modification process would stop the foreclosure, but their home was foreclosed upon

anyway. Id. at *2. The court determined that the partial performance exception was not applicable in the context of loan modification discussions, and that the "alleged loan modification lacks specificity" as to both payment amount and terms of the modified loan and could not establish the necessary elements for partial performance. Id. at *4.

In this case, plaintiffs have pleaded no facts to indicate that there was an agreement between the parties sufficient for the partial performance exception to apply. The only facts alleged are that Eley told them that "the mortgage had been sent to the foreclosure department, but that the Mortgage Modification would stop the sale date," that plaintiffs sent some type of documentation, and that Eley told plaintiffs via telephone that the foreclosure sale had been stopped. Compl. at 4. None of these facts can meet the requirements for the partial performance exception, as the alleged statement by Eley is not even a promise to modify, contains no terms or amounts, and is not nearly as specific as the modification in Singh, where the court found that the partial performance exception requirements were not satisfied. There is nothing alleged to indicate that there was an agreement of any kind to actually modify plaintiffs' loan, much less "a particular agreement sought to be enforced." Thus,

plaintiffs cannot state a claim for wrongful foreclosure, and such claim must be dismissed.

2. <u>Breach of Contract</u>

Plaintiffs claim that defendant "failed to abide by the terms of the Current Deed of Trust and other applicable loan documents, damaging Plaintiff." Compl. at 8. They allege no facts as to how defendant may have violated such terms, or which terms defendant may have violated, other than to claim in a conclusory fashion that the foreclosure process was irregular. Such a bare and conclusory allegation cannot state a claim for breach of contract. Furthermore, plaintiffs admit that they failed to make timely payments and were therefore in default under the agreement, which would prevent them from maintaining a breach of contract action under Texas law. <u>See</u> <u>Thomas v. EMC Mortg. Corp.</u>, No. 12-10143, 2012 WL 5984943 at *2 (5th Cir. Nov. 30, 2012) (unpublished) (citing <u>Dobbins v. Redden</u>, 785 S.W.2d 377, 378 (Tex. 1990) ("It is a well-established rule that 'a party to a contract who is himself in default cannot maintain a suit for its breach.'")).

While not specifically pleaded, plaintiffs contend that their breach of contract claim stems from the same alleged promise not to foreclose that formed the basis of their claim for wrongful foreclosure, and fails for many of the same reasons.

11

Plaintiffs also contend that defendant violated section 51.002 of the Texas Property Code by failing to give the required notice, yet they admit in their response that they were notified of the foreclosure sale at least twenty-one days before the sale occurred. The contention seems to be that because defendant allegedly told plaintiffs via telephone that the foreclosure sale would not occur, that defendant was required to send and post a new notice of sale. Such a contention again relates to the unenforceable, alleged promise not to foreclose, and must fail.

    3.    <u>Common Law Fraud and Negligent Misrepresentation Claims</u>

Plaintiffs' common law fraud[4] and negligent misrepresentation claims are both tort claims that are barred as a matter of law by the economic loss doctrine. Under Texas law, claims for these torts require injury to plaintiff independent of an alleged breach of contract. <u>D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.</u>, 973 S.W.2d 662, 663-64 (Tex. 1998) (per curiam); <u>Pennington v. HSBC Bank U.S.A., Nat'l Ass'n</u>, 2011 WL 6739609 at *8 (W.D. Tex. Dec. 22, 2011). "When an injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." <u>Id.</u> (quoting <u>Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.</u>, 960 S.W.2d 41, 45

---

[4] Plaintiffs have alleged "fraud" and "simple fraud" within their complaint, which the court addresses together as common law fraud.

(Tex. 1998)). Thus, tort damages are generally not recoverable if the defendant's conduct would give rise to liability only because it breaches the parties' agreement. Sw. Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991).

Although common law fraud and negligent misrepresentation contain some different elements, each is a claim that could not exist apart from the underlying note and deed of trust. Plaintiffs clearly had a contractual relationship with defendant prior to any discussions regarding loan modification and foreclosure proceedings, and, any discussions that took place involved modifications to the existing contract. Defendant could not have made any representations regarding a modification of the terms of the loan had there not been an original agreement between the parties. Plaintiff's tort claims for fraud and negligent misrepresentation "flow solely from the obligations created by the Note and Deed of Trust and would not exist but for the contractual relationship between the parties." See Rhodes v. Wells Fargo Bank, N.A., No. 3:10-CV-2347-L, 2012 WL 5363424, at *30 (N.D. Tex. Oct. 31, 2012); Wiley v. U.S. Bank, N.A., No. 3:11-CV-1241-B, 2012 WL 1945614, at *12 (N.D. Tex. May 30, 2012). Furthermore, the injury claimed by plaintiffs--foreclosure of their home--is the subject of the contract itself.

### 4. Fraudulent Inducement Claim

Under Texas law, a cause of action for fraudulent inducement contains the same elements as a fraud claim, and also requires an underlying contract which was induced fraudulently. Kevin M. Ehringer Enters., Inc. v. McData, 646 F.3d 321, 325 (5th Cir. 2011). While similar to a fraud claim, fraudulent inducement is generally not barred by the economic loss doctrine, as there is a separate and independent legal duty not to fraudulently procure a contract, and a party is not bound by a fraudulently procured contract. Here, the only enforceable agreement mentioned is the original promissory note and deed of trust, and plaintiffs provide no indication whatsoever of fraud surrounding that agreement or causing them to be induced into signing it. Thus, plaintiffs cannot state a claim for fraudulent inducement.

### 5. Finance Code Claim

To state a claim for violations of section 392.304(a)(19) of the Texas Finance Code, plaintiffs must allege facts that defendant, while engaged in collecting a debt or obtaining information about a debt, used a "false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code § 392.304(a)(19). Plaintiff recites a portion of the statutory provision, and then alleges, "Defendant has violated the statute by unconscionably

### 4. Fraudulent Inducement Claim

Under Texas law, a cause of action for fraudulent inducement contains the same elements as a fraud claim, and also requires an underlying contract which was induced fraudulently. Kevin M. Ehringer Enters., Inc. v. McData, 646 F.3d 321, 325 (5th Cir. 2011). While similar to a fraud claim, fraudulent inducement is generally not barred by the economic loss doctrine, as there is a separate and independent legal duty not to fraudulently procure a contract, and a party is not bound by a fraudulently procured contract. Here, the only enforceable agreement mentioned is the original promissory note and deed of trust, and plaintiffs provide no indication whatsoever of fraud surrounding that agreement or causing them to be induced into signing it. Thus, plaintiffs cannot state a claim for fraudulent inducement.

### 5. Finance Code Claim

To state a claim for violations of section 392.304(a)(19) of the Texas Finance Code, plaintiffs must allege facts that defendant, while engaged in collecting a debt or obtaining information about a debt, used a "false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code § 392.304(a)(19). Plaintiff recites a portion of the statutory provision, and then alleges, "Defendant has violated the statute by unconscionably

taking advantage of [plaintiffs]. Plaintiffs have been damaged by Defendant's wrongful collection efforts." Compl. at 9. However, plaintiffs allege no specific representations other than Eley's statement that, as of May 24, 2012, the foreclosure sale had been stopped, and there is nothing alleged by plaintiffs indicating that the statement amounted to a false representation or deceptive means to collect a debt from plaintiffs. No facts alleged anywhere in the petition can support this theory. See Wiley, 2012 WL 1945614 at *11 (explaining that a defendant's oral statements promising not to foreclose and promising to provide a loan modification did not amount to a violation of § 392.304(a)(19)); King v. Wells Fargo Bank, N.A., No. 3:11-CV-945-M-BD, 2012 WL 1205163, at *3 (N.D. Tex. Mar. 20, 2012), adopted, 2012 WL 1222659 (N.D. Tex. Apr. 11, 2012); Coleman v. Bank of Am., N.A., No. 3:11-CV-430-G-BD, 2011 WL 2516169, at *3 (N.D. Tex. May 27, 2011), adopted 2011 WL 2516668 (N.D. Tex. June 22, 2011).

6. IIED Claim

To state a claim for IIED, plaintiffs must allege facts that could show (1) defendant acted intentionally or recklessly; (2) defendant's conduct was extreme and outrageous; (3) defendant's actions caused plaintiff emotional distress; and (4) the resulting emotional distress was severe. Twyman v. Twyman, 855

15

S.W.2d 619, 621 (Tex. 1993). Extreme and outrageous conduct is conduct "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, to be regarded as atrocious, and utterly intolerable in civilized community." Tiller v. McLure, 121 S.W.3d 709, 713 (Tex. 2003).

Plaintiffs clearly have no plausible claim for IIED. While they may feel that defendant's conduct was wrongful, they allege no actions on the part of defendant that could rise to the level of "extreme and outrageous" conduct required under Texas law.

7. Statutory Fraud Claim

Defendant asserts that plaintiffs cannot state a claim for statutory fraud because the statute at issue, Section 27.01 of the Texas Business and Commerce Code, applies only to fraud in real estate or stock transactions. "A loan transaction, even if secured by land, is not considered to come under the statute." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 343 (5th Cir. 2008) (quoting Burleson State Bank v. Plunkett, 27 S.W.3d 605, 611 (Tex.App.--Waco 2000, pet. denied)). Plaintiffs base their statutory fraud claim on alleged statements made by defendant in the course of a loan or potential modification, and they do not allege facts surrounding any kind of real estate transaction between the parties. Thus, plaintiffs have no claim for statutory fraud.

C. <u>Plaintiffs' Requests for Injunctive and Declaratory Relief</u>

Because plaintiffs' substantive claims are being dismissed for failure to state a claim upon which relief may be granted, they are not entitled to a declaratory judgment based on such claims, nor are they entitled to a temporary restraining order or a temporary injunction. <u>See</u> <u>Marsh v. JPMorgan Chase Bank, N.A.</u>, --- F. Supp.2d ---, 2012 WL 3756276 (W.D. Tex. Aug. 29, 2012).

IV.

Order

Plaintiffs have failed to state a claim upon which relief may be granted. Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiffs against defendant be, and are hereby, dismissed with prejudice.

SIGNED February 28, 2013.

_____
JOHN McBRYDE
United States District Judge